# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SHIMA SHIRDELZADEH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. 4:25-cv-5693 |
| MARCO RUBIO, ET. AL., | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, Marco Rubio, *et al.*, move to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants, Marco Rubio, *et al.*, move to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6). Plaintiff in this suit complains about inaction and an alleged unlawful delay in the processing of her husband, Hadi Fallahi's visa application. The complaint fails as a matter of law. First, Defendants have taken action on Mr. Fallahi's visa application. His application was denied under Section 212(f) of the Immigration and Nationality Act. Thus, Plaintiff's complaint is moot, and this Court lacks subject matter jurisdiction. Further, Plaintiff cannot challenge the denial of the visa because the challenge is barred by the doctrine of consular nonreviewability.

Separately, Plaintiff also brings a Fifth Amendment due process claim arguing that the

delay in adjudication of her husband's visa violates her constitutional right. This claim fails because she does not have a Fifth Amendment Due Process right in her noncitizen spouse's visa adjudication.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed her Complaint on November 25, 2025. Dkt. 1. In her Complaint, Plaintiff alleges two causes of action, claiming that Defendants have unreasonably delayed in adjudicating Mr. Fallahi's visa application. In Count One, Plaintiff alleges the delay in adjudication violates the APA, 5 U.S.C. § 706(1). Dkt. 1 ¶¶27-28. In Count Two, Plaintiff seeks a writ of mandamus to compel Defendants to adjudicate Mr. Fallahi's visa application. *Id.* ¶¶ 29-32. In Count III, Plaintiff brings a Fifth Amendment Due Process claim. ¶33.

## STATEMENT OF ISSUES:

1.      Are Plaintiff's claims moot because the visa was denied?

2.      Does Plaintiff have a Fifth Amendment Due Process claim in her noncitizen husband's visa?

## STANDARD OF REVIEW

### 1.   12(b)(1) Motion to Dismiss

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject-matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, a defendant supports its argument for lack of jurisdiction with evidence, "no

presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williams v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).

### 2. 12(b)(6) Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if a plaintiff fails to state a claim upon which a court can grant the requested relief. On a motion to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To establish a plausible claim for relief, a plaintiff must furnish "more than labels and conclusions"—"a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. There must be something more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

### ARGUMENT

### I. The Court Lacks Jurisdiction Because Plaintiff's Claims are Moot.

As an initial matter, the complaint should be dismissed as moot because the consular officer denied Mr. Fallahi's visa application under INA 212(f), thus there is no unreasonable delay cause of action. *See* Gov't Ex. 1, Email from the State Department showing that the visa was denied. Federal courts have limited jurisdiction and can only examine "actual, ongoing controversies between litigants." *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Here, because the action sought has already occurred, the case is moot and the court lacks subject-matter jurisdiction over the controversy. *See Castro v. Blinken*, No. H-21-2494, 2022 U.S. Dist. LEXS 10346 at *3 (S.D. Tex. Jan. 20, 2022)(dismissing a case for lack of jurisdiction when the

visa application was denied and the Court did not have power to review); *see also Jaime v. Blinken*, 2023 U.S. Dist. LEXIS 53847, at *4 (W.D Tex. March 24, 2023)(explaining that the APA could not provide relief when the visa was denied.).

Further, the doctrine of consular nonreviewability renders this action non-justiciable. The denial of visas is not subject to review by federal courts. *Centeno v. Shultz*, 817 F.2d 1212, 1213-14 (5th Cir. 1987) (per curiam) ("[D]ecisions of United States consuls on visa matters are nonreviewable by the courts.").[1] "The doctrine was developed by courts in recognition of Congressional authority providing consular officers the power to grant or deny alien visas." *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 735 (S.D. Tex. 2009).

In 2024, the Supreme Court reaffirmed the doctrine of consular nonreviability in *Department of State v. Munoz. Munoz*, 602 U.S. 899, 907 (2024)(citation omitted). In *Munoz*, the Court explained that "[f]or more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Id.* When an executive officer takes such action to admit or exclude a non-citizen that action is "final and conclusive," and the Court has "no role to play unless expressly authorized by law." *Id.* (internal citations omitted). This preclusion of judicial review applies to "a consular officer's denial of a visa" because the Immigration and Nationality (INA) does not permit review. *Id.*

---

[1] The Fifth Circuit has held that consular nonreviewability is a "jurisdictional principle," but the Supreme Court has since thrown that into doubt, holding that doctrines are only jurisdictional if they are "clearly jurisdictional." *See Jaime v. Blinken*, No. EP-22-CV-248-KC, 2023 U.S. Dist. LEXIS 53847, at *1 (W.D. Tex. Mar. 24, 2023) (collecting cases). The Supreme Court has strongly implied that consular nonreviewability is not a jurisdictional doctrine, but this Court is bound by the Fifth Circuit's prior holding. *Id.* Regardless, it is well-settled that the judiciary will not interfere with the visa-issuing process. *Id.; see also Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978).

Thus, here, the Court is precluded from judicial review because the consular officer refused Mr. Fallahi' visa.

## II.    Plaintiff's due process claim fails because she does not have a due process right in her noncitizen spouse's visa adjudication.

Lastly, Plaintiff's Fifth Amendment claim fails because Plaintiff's argument is foreclosed by the Supreme Court decision in *Munoz*. In *Munoz*, the Supreme Court held that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *See Dep't of State v. Munoz*, 602 U.S. 899, 909 (2024). Thus, Plaintiff's claim that the visa adjudication "violates procedural due process and the constitutional interest in family unity[,]" Dkt. 1 ¶33, fails because she does not have a due process interest in her noncitizen spouse's visa application.

Dated: January 29, 2026

                              Respectfully submitted,

                              NICHOLAS GANJEI
                              United States Attorney

                    By:    */s/ Natasha Alexander*
                              Natasha Alexander
                              Assistant United States Attorney
                              Attorney in Charge
                              Southern District No. 3770021
                              Texas Bar No.  24125476
                              1000 Louisiana, Suite 2300
                              Houston, Texas 77002
                              Tel: (713) 567-9422
                              Fax: (713) 718-3303
                              E-mail: Natasha.Alexander@usdoj.gov

                              Attorney for Defendants.

## **CERTIFICATE OF SERVICE**

I certify that, on January 29, 2026, the foregoing was filed and served on counsel of record through the Court's CM/ECF system. In addition, a copy was mailed and email to the Plaintiff at the below address/email.

Shima Shirdelzadeh
18318 Stablewood Manor Trail
Richmond, TX 77407
shimashirdel@gmail.com

_/s/ Natasha Alexander_
Natasha Alexander
Assistant United States Attorney

6