United States District Court
Southern District of Texas
**ENTERED**
April 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHIMA SHIRDELZADEH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-5693 |
| | § | |
| MARCO RUBIO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff sued the Secretary of State and other federal officials alleging unlawful delay in processing her husband's visa application. (Docket Entry No. 1). The defendants moved to dismiss, arguing that the case is moot because they denied the visa application. (Docket Entry No. 13). The court agrees. The "APA provides no recourse" once the government denies a visa application. *Jaime v. Blinken*, No. EP-22-CV-248-KC, 2023 WL 2657651, at *2 (W.D. Tex. Mar. 24, 2023). Nor does the Due Process Clause, because "Congress is entitled to set the conditions for an alien's lawful entry into this country," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020); "[w]hatever the procedure authorized by Congress is, it is due process," *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950).

The plaintiff responds that the delay caused the denial: If the defendants had adjudicated the visa application earlier, then they would not have been able to rely on the intervening § 212(f) proclamation to deny it. (Docket Entry No. 19 at 1). Although the plaintiff is correct that courts generally consider in APA challenges the prejudice to a plaintiff caused by an agency's unreasonable delay, the court cannot do so in this case. Courts have limited jurisdiction "to compel *some* agency action" with respect to a visa application. *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 12 (D.D.C. 2022). But such a court order must be content neutral. It

cannot affect "the substance of that [agency] action." *Id.* Each of the cases on which the plaintiff relies agrees with that principle. *See, e.g. id.*; *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 292 (D.D.C. 2016); *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 317 (D.D.C. 2020). Adopting the plaintiff's reasoning would require the defendants to re-adjudicate the visa application under a set of criteria the government is not currently applying to visa applications. In other words, it would influence the substance of the defendant's decision. As a result, the court cannot accept the plaintiff's argument.

For these reasons, the motion to dismiss, (Docket Entry No. 13), is granted. The case is moot. All pending motions are denied as moot. This civil action is dismissed, without prejudice, for lack of subject-matter jurisdiction.

SIGNED on April 10, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge